# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CACTUS PETROLEUM CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0798-HE |
| | ) | |
| CONTINENTAL RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is plaintiff's motion to dismiss pursuant to Fed.R.Civ.P. 41(a)(2). Defendant has objected to the motion. The motion is fully briefed and at issue. The court concludes the motion should be granted and the case dismissed on the terms set forth below.

In this case, plaintiff challenges the timeliness of royalty and overriding royalty payments made by defendant Continental Resources Inc., as operator of oil and gas wells in which plaintiff and others have an interest. It seeks to recover unpaid interest on what it alleges are late-paid proceeds, based on Oklahoma's Production Revenue Standards Act, 52 Okla. Stat. §§ 570.1 *et seq.*, and similar provisions of the laws of other states. Plaintiff brings the case as a putative class action, seeking to recover on behalf of a class composed of royalty owners in Oklahoma, Colorado, Montana, North Dakota, South Dakota and Wyoming.

The case was originally filed in the District Court of Grady County, Oklahoma, on June 13, 2013. Defendant was served on July 5, 2013. It removed the case to this court, pursuant to the Class Action Fairness Act of 2005, on August 1, 2013. Plaintiff has not challenged the propriety of the removal but, on August 14, 2013, filed the present motion

seeking dismissal of the case without prejudice. The following day, August 15, defendant filed an amended answer asserting a counterclaim.

Defendant argues the motion should be denied as it represents forum shopping on the part of the plaintiff. It relies on Eighth Circuit authority, including <u>Thatcher v. Hanover Ins. Group Inc.</u>, 659 F.3d 1212 (8th Cir. 2011), which indicates that it is improper for a plaintiff to use a voluntary dismissal as a way of seeking a more favorable forum. Plaintiff responds that it "has given no indication to this Court that it seeks a 'more favorable forum'" and that there is no record evidence to that effect. It also more or less argues that, under 10th Circuit authority, it does not matter anyway.

It is true that the record evidence does not directly establish plaintiff's motion as being motivated by a search for a more favorable forum. Of course, plaintiff does not exactly deny it either. If, in the circumstances existing here, the disposition of the motion ultimately turned on that factor, the court would set the matter for hearing and listen, with considerable interest, to plaintiff's evidence and argument suggesting some other motivation. However, the court concludes in the particular circumstances of this case that plaintiff's apparent motivation is not determinative.

Fed.R.Civ.P. 41(a)(1) permits a plaintiff to dismiss a case without permission of the court so long as it does so prior to the filing of an answer or motion for summary judgment. Here, defendant had answered prior to plaintiff's effort to dismiss, so the provisions of Fed.R.Civ.P. 41(a)(1) are inapplicable. The portion of the rule which plaintiff seeks to invoke is 41(a)(2), which permits dismissal only by court order and "on terms that the court

considers proper." Subsection (a)(2) further provides that the case cannot be dismissed over the defendant's objection if defendant had pleaded a counterclaim before the motion to dismiss was served.

The rule requiring a court order is designed "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting Phillips USA Inc. v. Allflex USA Inc., 77 F.3d 354, 357 (10th Cir. 1996). But "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." Id. (quoting Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). In addressing what constitutes "legal prejudice" the Tenth Circuit has concluded that such prejudice does not arise simply because a second action has been or may be filed against the defendant. "The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." Am. Nat'l Bank & Trust Co., 931 F.2d 1411, 1412 (10th Cir. 1991). Rather, the "legal prejudice" inquiry is a practical one evaluating, among other things, the status of the case (i.e. how much time and effort has already gone into preparing for trial), whether there has been excessive delay or lack of diligence on the part of the movant, whether there has been sufficient explanation of the need for the dismissal, and the present stage of the litigation. See Ohlander, 114 F.3d at 1537.

Addressing those concerns here, the court concludes, with some hesitation, that "legal prejudice" within the meaning of the above authorities has not been shown. The question is close due to the absence of any "sufficient explanation" by the plaintiff of the basis for the

3

dismissal. Notwithstanding the absence of direct evidence on the point, the court has little doubt that the reason for the requested dismissal is pursuit of what plaintiff views as a more favorable forum — forum shopping. However, under the above cases, dismissals for "tactical advantage" or for the purpose of proceeding in state court do not, in and of themselves, without more, constitute "legal prejudice." *See* Gassaway v. Kansas Gas Service LLC, 2013 WL 593662, 2 (D.Kan. 2013) ("Despite the potential for forum shopping, the Tenth Circuit has held that insufficient for the court to find prejudice to the defendants.").

Here, the other practical considerations cut in favor of plaintiff. Plaintiff's claims are based on alleged violations of state, rather than federal, law. The case is in its earliest stages, having been filed only a couple months ago. There is no indication that any meaningful trial preparation has occurred. Plaintiff filed the motion soon after the removal, promptly raising the issues now before the court. In short, there is no apparent prejudice to defendant other than losing access to the forum it prefers. That by itself is insufficient, under the referenced authorities, for rejecting a plaintiff's effort to dismiss.

As noted above, the court reaches that conclusion with some hesitation. As a general proposition, forum shopping is not favored. Further, the various Tenth Circuit authorities noted above addressing Rule 41 do so in contexts other than that of a case removed pursuant to the Class Action Fairness Act ("CAFA"). That Act arguably suggests Congress' view that federal courts should be somewhat less willing to assume the state forum is a comparable one

in evaluating potential prejudice to the defendant or the parties generally.[1] The policies and presumptions applicable to removed cases may also impact the analysis. However, defendant has not offered those arguments here, but relies instead, almost entirely, on Thatcher and other Eighth Circuit authority. Thatcher involved a CAFA case, but its considerably dimmer view of forum shopping was not grounded in anything unique to CAFA, but rather was based on authority in that circuit — preceding CAFA — that dismissals for the purposes of seeking a more favorable forum are improper. The Eighth Circuit approach has much to commend it, but our circuit's cases suggest motions like the present one are evaluated against standards more forgiving of forum shopping.

Defendant also attaches significance to the fact it has filed a counterclaim.[2] However, that counterclaim was filed the day after — not before — plaintiff's motion was filed. Rule 41(a)(2) indicates that a case may not be dismissed over the defendant's objection if it has "pleaded a counterclaim before being served with the plaintiff's motion to dismiss ...." Here, defendant was "served" with the motion on August 14, 2013.[3] It did not "plead" its

---

[1]*See Coffee v. Freeport McMoran Copper & Gold, 581 F.3d 1240, 1243 (10th Cir. 2009), noting that CAFA "was enacted to respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts."*

[2]*Defendant pled in its original answer [Doc. #7], as an "Additional Defense," the position that the Oklahoma statute upon which plaintiff relies constitutes an unconstitutional "special law" barred by Art. 5, §§ 46 and 59 of the Oklahoma Constitution. Its counterclaim, filed as part of its amended answer [Doc. #15], restated essentially the same argument as a counterclaim and also asserted an equal protection claim under the U. S. Constitution.*

[3]*See Fed.R.Civ.P. 5(b)(2)(E), 5(b)(3), and LCvR5.1. See also Electronic Filing Policies & Procedures Manual, II(B)(1)(c): "If the recipient is a registered participant of the ECF System, the ECF System's transmission of the NEF shall be the equivalent of service of the pleading or other paper by mail."*

5

counterclaim until the following day. The fact that defendants may have been working on it in the meantime is of no consequence for purposes of the rule.

Given the absence of prejudice to defendants beyond a preference for a federal forum, and the non-applicability of the just stated "counterclaim" limitation, the court concludes plaintiff's motion should be granted.

As noted above, a dismissal under Fed.R.Civ.P. 41(a)(2) is "on terms the court considers proper." To minimize the unfairness to defendant of being forced to litigate again in a second and different forum (assuming plaintiff's refiling of the case elsewhere),[4] the court concludes that dismissal should be conditioned on defendant's recovery, in the event of a refiling of a case raising substantially the same issues as those involved here, of its reasonable attorney's fees incurred in connection with the removal of this case and the disposition of this motion. Plaintiff's apparent forum shopping should have some consequence. The court will retain jurisdiction of this case, notwithstanding remand, for the limited purpose of determining those fees and entering an appropriate judgment in the event of a refiling. Defendant is directed within ten days of any refiling to file an appropriate motion requesting a fee award.

For the reasons stated, plaintiff's motion to dismiss [Doc. #14] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**, subject to the condition and limited retention of jurisdiction noted above.

---

[4]*As noted above, there has been no suggestion that defendant's removal of the case to this court was improper.*

**IT IS SO ORDERED**.

Dated this 16th day of October, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE